PETERSON, J.
The former wife appeals the trial court’s denial of her request for rehabilitative alimony. She also disputes the court’s finding that loans made to the parties by the former wife’s father do not constitute marital debts. We find no merit in the remaining issues raised in this appeal and the cross-appeal.
The former husband filed a petition for dissolution of marriage in October, 1997; at the time, he was 31 years old and the former wife was 34 years of age. No children were born of the marriage. During most of the almost seven year marriage, the former husband was in college working towards an A.S. degree, normally a two year degree. During the same period, the former wife worked as a bank teller, earning, at the time the petition was filed, approximately $20,000 per year. The former husband earned in the years 1994 through 1996, between $9,600 and $14,000 annually. In 1992 and 1993, he was unemployed for several months, related in part to an ankle injury. In April of 1998, after obtaining his degree, he became employed as a physical therapist assistant at a salary of $33,000 per year. The former wife alleged that she had provided the main support for the family during the marriage while the former husband obtained his A.S. degree and his certification as a physical therapy assistant. She further alleged that she interrupted her education in order to finance his education, now wishes to resume her education to become a school teacher, and that she is entitled to rehabilitative alimony to finance that education.
The rationale of the trial court’s denial of rehabilitative alimony and the former husband’s argument on appeal is that completion of the interrupted plan to become a school teacher would not make economic sense. The former wife would be abandoning a career in banking to obtain an education that would increase her earnings a mere $2,700 per year. We believe that the conclusion is flawed.
The evidence reflects that the former wife worked for the same banking institution for 14 years to attain a salary of $22,000 per year. Although it is true that a four year college degree would allow her to initially obtain a salary of only one or two thousand dollars more per year than she is currently earning, the former husband’s Exhibit 11 reveals that as a school teacher, her salary could increase to almost $42,500 per annum over the term of her career. Additionally, there is a potential for earning more during her two month summer vacations. In addition to the potential increase in earnings as a teacher, the former wife would also gain the intangible pleasure of engaging in a chosen career rather than one that was *413 tolerated in order to provide funds for sustenance during the marriage.
Here, the former wife interrupted her education so that the former husband could complete his and the former wife “is entitled to fulfill [her] potential by receiving ... [an] education rather than accepting a less rewarding job immediately.” Portuondo v. Portuondo, 570 So.2d 1338, 1342 (Fla. 3d DCA 1990). We reverse that portion of the dissolution judgment that denies rehabilitative alimony and remand for determination of an appropriate amount. In doing so, we are mindful of the former husband’s argument that the former wife has chosen only one college that she wishes to attend, the tuition for which is relatively expensive. We believe that the trial court can fashion an amount of rehabilitative alimony that would allow the former wife to obtain her degree from a college comparable to that which her husband attended during the time she supported him. “[T]he amount of rehabilitative alimony awarded must be reasonable in terms of the recipient’s needs and the paying spouse’s ability to pay.” Martinez v. Martinez, 573 So.2d 37, 44 (Fla. 1st DCA 1990).
We next address the trial court’s finding that “the debt owed to the wife’s father is unenforceable by reason of res judicata and thus is not a marital debt to be distributed.” The former wife’s father had sued the parties earlier, alleging that before April 15, 1993, he loaned funds to the parties. He was not successful in that suit. The former wife and her father testified in the instant proceedings that loans were made to the couple that occurred subsequent to April 15, 1993. Consequently, the trial court’s conclusion that all debts owed to the former wife’s father were unenforceable by reason of res judi-cata is not accurate. Accordingly, we affirm the holding of res judicata as to the debts accrued pursuant to loans made to the parties by the father prior to April 15, 1993. As to the loans made after April 15, 1993, however, we reverse the trial court’s order and remand to determine whether these subsequent loans, if they were indeed made, constitute marital debts.
The judgment of dissolution of marriage is affirmed except for the trial court’s denial of rehabilitative alimony and its finding that the alleged loans made to the parties by the father after April 15, 1993, were barred by the prior suit.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
ANTOON, C.J., and COBB, J., concur.